1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5                                  OAKLAND DIVISION

6

7   FELIPE J. GONZALEZ,

8                    Petitioner,              No. C 11-0165 PJH (PR)

9        vs.                                  **ORDER GRANTING
                                              RESPONDENT'S MOTION TO**
10  MICHAEL MARTEL, Warden,                   **DISMISS AND DENYING
                                              CERTIFICATE OF**
11                   Respondent.              **APPEALABIITY**
    _____/
12

13          This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14  Respondent has filed a motion to dismiss in which he contends that the petition is barred by

15  the statute of limitations.  Petitioner has filed an opposition.  The motion will be granted for

16  the reasons set out below.

17                                     **DISCUSSION**

18          Respondent contends that this petition is barred by the statute of limitations.  The

19  statute of limitations is codified at 28 U.S.C. § 2244(d).  Petitions filed by prisoners

20  challenging non-capital state convictions or sentences must be filed within one year of the

21  latest of the date on which:  (A) the judgment became final after the conclusion of direct

22  review or the time passed for seeking direct review; (B) an impediment to filing an

23  application created by unconstitutional state action was removed, if such action prevented

24  petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme

25  Court, if the right was newly recognized by the Supreme Court and made retroactive to

26  cases on collateral review; or (D) the factual predicate of the claim could have been

27  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

28  which a properly filed application for state post-conviction or other collateral review is

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

2          Petitioner does not dispute respondent's dates, nor that the petition is untimely.

3   Summarizing briefly, petitioner's direct appeal was concluded on April 19, 2008, when the

4   time for him to petition the United States Supreme Court for certiorari expired. *See Bowen*

5   *v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("Direct review" includes the period within

6   which a petitioner can file a petition for a writ of certiorari from the United States Supreme

7   Court, whether or not the petitioner actually files such a petition). He thus had until April

8   19, 2009, to file his federal petition, absent tolling. *See Patterson v. Stewart*, 251 F.3d

9   1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method"

10  because, absent any tolling, the expiration date of the limitation period will be the same

11  date as the triggering event but in the following year). However, petitioner filed a state

12  habeas petition in the California Supreme Court on April 17, 2008, which tolled the running

13  of the limitations period until its denial on October 1, 2008. *See* 28 U.S.C. § 2244(d)(2)

14  (time during which a properly filed application for state post-conviction or other collateral

15  review is pending is excluded from the one-year time limit). The effect of this tolling was to

16  extend the deadline to October 2, 2009.[1] The petition here was not filed until December 28,

17  2010, applying the prison mailbox rule, so appears to be untimely.

18         Petitioner advances two reasons why the petition should not be dismissed. First, he

19  contends that the petition is not barred because he contends that he is "actually innocent."

20         "[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298

21  (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*,

22  653 F.3d 929, 931 (9th Cir. 2011) (en banc). Under this "equitable exception," a petitioner

23  "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard

24  on the merits." *Id.* at 932.

25  _____

26      [1]  Petitioner also filed two other state habeas petitions, one in the California Court of
    Appeal on April 23, 2010, and one in the California Supreme Court May 14, 2010. Neither of
27  these petitions affects the limitations calculation because they were filed after the limitations
    period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state
28  habeas petition filed after AEDPA's statute of limitations ended cannot toll limitation period).

United States District Court

For the Northern District of California

1    In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient

2  proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating

3  a fundamental miscarriage of justice.'" *Id.* at 937 (internal quotation marks and citations

4  omitted).  "The evidence of innocence must be "so strong that a court cannot have

5  confidence in the outcome of the trial unless the court is also satisfied that the trial was free

6  of nonharmless constitutional error." *Id.* at 937-38.  A petitioner must show that it is more

7  likely than not that no reasonable juror would have convicted him in the light of the new

8  evidence." *Schlup*, 513 U.S. at 327.  This exacting standard "permits review only in the

9  'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or

10  innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

11    A petitioner must support his claims "with new reliable evidence — whether it be

12  exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

13  evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. This petitioner has

14  not done.  He has not made a credible showing of actual innocence.

15    Secondly, petitioner contends that the merits of his petition should be considered in

16  the interests of justice, disregarding procedural niceties, in light of the difficulties he faced in

17  attempting to file it without help.  The court cannot simply disregard the limitations statute,

18  even in the interests of justice.  And lack of legal help is common in prison, so even if

19  petitioner's assertion were not conclusory, it would not be sufficient to establish the

20  existence of the "'extraordinary circumstances'" that would entitled him to equitable tolling.

21  *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir.

22  1997), *overruled in part on other grounds by Calderon v. United States District Court

23  (Kelly),* 163 F.3d 530 (9th Cir. 1998) (en banc) (quoting *Alvarez-Machain v. United States*,

24  107 F.3d 696, 701 (9th Cir.1997)) (in order to establish entitlement to equitable tolling,

25  prisoner must show that extraordinary circumstances prevented him or her from filing on

26  time).  Petitioner is not entitled to equitable tolling.

27    The motion to dismiss will be granted.

28                              **CONCLUSION**

3

1    Respondent's motion to dismiss (document number 9 on the docket) is **GRANTED**.

2  The petition is **DISMISSED**.  Because reasonable jurists would not find the result here to be

3  debatable or wrong, the a certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**.

4  The clerk shall close the file.

5    **IT IS SO ORDERED.**

6  Dated:  August 3, 2012.

7    PHYLLIS J. HAMILTON
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.11\GONZALEZ0165.dismiss limitations.wpd

**United States District Court**
For the Northern District of California

4